IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30509

Summary Calendar
_____

GARY L BROWN,

                              Plaintiff-Appellant,

      v.

T H HARRIS VOCATIONAL/TECHNICAL SCHOOL, ET AL,

                              Defendants,

J RAYMOND LALONDE, in his official capacity as Director of T
H Harris Vocational Technical School,

                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(93-CV-2184)
_____

November 19, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-appellant Gary L. Brown appeals the district

court's entry of summary judgment in favor of defendant-appellee

J. Raymond Lalonde in his official capacity as Director of T.H.

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Harris Technical Institute on Brown's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. We affirm.

## I. BACKGROUND

Plaintiff-appellant Gary L. Brown, an African-American male, was employed as an instructor at T.H. Harris Technical Institute ("T.H. Harris") pursuant to a contract (the "Special Needs Contract") funded by the Job Training Partnership Act ("JTPA"), 29 U.S.C. §§ 1501-1781. T.H. Harris entered into the Special Needs Contract with the St. Landry Parish Police Jury (the "Police Jury"), the JTPA administrative entity that services the parish in which T.H. Harris is located. The Special Needs Contract provided that T.H. Harris would provide special needs instruction to eligible students in consideration for the Police Jury's paying the expenses of providing such instruction, including the salary of the special needs instructor. The contract provided funding for Brown's position from July 1, 1991 to June 30, 1992.

During the term of the Special Needs Contract, student enrollment in special needs classes was substantially lower than the contract contemplated. Chris Dunbar, the JTPA program administrator for the service area covering St. Landry Parish, notified J. Raymond Lalonde, the Director of T.H. Harris, that he intended to cancel the Special Needs Contract as of March 6,

2

1992.  Lalonde, however, persuaded Dunbar to allow the contract to remain in effect until June 30, 1992. When the contractual term ended, JTPA officials informed Lalonde that renewal of the Special Needs Contract would probably not receive approval in light of unfavorable monitoring reports regarding special needs class attendance.  Lalonde did not submit the contract for renewal.

Brown contends that discriminatory animus motivated Lalonde's failure to submit the Special Needs Contract for renewal.  He alleges that "deeply rooted racial problems began to surface on or around August of 1991" at T.H. Harris, but he provides no factual allegations as to the specific nature of these alleged problems.  Brown avers that he approached Lalonde about problems with student attendance and performance and suggested methods of alleviating these problems.  He contends that, in February 1992, he requested that T.H. Harris stop discriminating against him and that he was discharged on the basis of his race on June 30, 1992.

On December 23, 1993, Brown filed suit in federal district court against T.H. Harris, asserting claims under 42 U.S.C. §§ 1981 and 1985 as well as Title VII.[1]  Brown amended his complaint twice and added a number of additional defendants in

---

[1]  Brown also asserted a putative class claim on behalf of "all blacks and/or females seeking employment in the historically and predominantly white job classifications" in the school. However, the district court never granted class certification.

their individual and official capacities, including Lalonde. Judge Putnam, the district court judge to whom the case was originally assigned, entered an order dismissing all defendants except Lalonde on grounds of insufficient and untimely service of process. Judge Putnam also dismissed all claims against Lalonde in his individual capacity and all claims except Brown's Title VII claims against Lalonde in his official capacity as Director of T.H. Harris. Brown does not appeal these dismissals.

On August 16, 1996, Lalonde filed a motion for summary judgment. Brown filed a cursory opposition which stated without any supporting analysis that genuine issues of material fact precluded summary judgment. On October 3, 1996, Larry E. Broome, counsel for Brown, was injured in an automobile accident. On this basis, Brown made a motion to continue all matters pending in the case. Judge Putnam entered an order staying disposition of Lalonde's summary judgment motion pending improvement of Broome's medical condition. On January 30, 1997, the case was reassigned to Judge Doherty. The minute entry informing the parties of the case's reassignment states that "[a]ny pending motions will be reset on Judge Doherty's motion calendar for April, 1997, without oral argument."

On April 15, 1997, Brown filed a motion to continue the district court's ruling on Lalonde's motion for summary judgment on the ground that Broome's injuries from the automobile accident had prevented him from "devot[ing] all the necessary time to the

4

case" and had prevented him from taking the deposition of Shelton Cobb, whom Brown alleges, without explanation, is a "key witness" in the case. The court denied this motion and granted Lalonde's motion for summary judgment on April 18, 1997.

## II. DISCUSSION

Brown challenges the district court's entry of summary judgment in favor of Lalonde on Brown's Title VII claims on two grounds. First, he argues that the district court erred in refusing to grant his motion for a continuance in order to provide him with time to more fully respond to Lalonde's summary judgment motion. Second, he argues that genuine issues of material fact preclude summary judgment. We reject both of these arguments.

### A. Continuance

"This court reviews a district court's denial of a motion for continuance for abuse of discretion." Dorsey v. Scott Wetzel Servs., Inc., 84 F.3d 170, 171 (5th Cir. 1996); see also McAllister v. FDIC, 87 F.3d 762, 766 (5th Cir. 1996).

On appeal, Brown advances two arguments as to why he was entitled to a continuance allowing him more time to respond to Lalonde's motion for summary judgment. First, he argues that Judge Doherty never lifted Judge Putnam's stay of the motion for summary judgment. However, the January 30, 1997 minute entry reflecting the case's reassignment to Judge Doherty makes clear

5

that Judge Putnam's stay was lifted because it states that all pending motions were calendared for April 1997.

Second, Brown argues that Broome's medical condition prevented him from adequately responding to the motion for summary judgment.  If a party cannot adequately defend against a motion for summary judgment, Rule 56(f) of the Federal Rules of Civil Procedure is his remedy.  See Potter v. Delta Air Lines, Inc., 98 F.3d 881, 887 (5th Cir. 1996).  Rule 56(f) provides as follows:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

FED. R. CIV. P. 56(f).  "To obtain a continuance of a motion for summary judgment in order to obtain further discovery, a party must indicate to the court by some statement, preferably in writing (but not necessarily in the form of an affidavit), why he needs additional discovery and how the additional discovery will create a genuine issue of material fact."  Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1442 (5th Cir. 1993).  The party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."  SEC v. Spence & Green Chem. Co., 612 F.2d 896, 901 (5th Cir. 1980).

Brown's motion for continuance fails to specifically

6

identify the controverting facts that he would have been able to establish had the court granted a continuance and allowed further discovery. Rather, it simply states that Brown had not been able to take the deposition of Shelton Cobb and that Cobb "has factual knowledge of the plaintiff's allegations [that will be] very supportive of these allegations." This falls short of meeting Rule 56(f)'s requirement of an enumeration of the controverting facts that further discovery would reveal.

Furthermore, after the parties were informed on January 30, 1997 that the summary judgment motion was calendared for April 1997, Brown waited until April 15, 1997 to file a motion indicating that Broome's medical condition had impaired his ability to adequately respond to Lalonde's motion for summary judgment. Additionally, a month and a half passed between the date that Lalonde filed his motion for summary judgment and the date of Broome's automobile accident. Brown offers no reason why he could not have developed an adequate response to the motion for summary judgment during this time period. Brown also offers no reason why he could not have conducted adequate discovery during the nearly three years that this lawsuit was pending prior to Broome's automobile accident. In sum, we conclude that the district court did not abuse its discretion in denying Brown's motion for a continuance.

### B. Summary Judgment

7

"We review a grant of summary judgment de novo, applying the same criteria used by the district court in the first instance." Texas Manufactured Housing Ass'n v. City of Nederland, 101 F.3d 1095, 1099 (5th Cir. 1996), cert. denied, 117 S. Ct. 2497 (1997). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The district court granted Lalonde's motion for summary judgment on Brown's Title VII claims on the ground that, as a matter of law, Lalonde was not Brown's "employer" within the meaning of Title VII and thus is not subject to liability under Title VII. We decline to address this issue because we conclude that, regardless of whether Lalonde was Brown's employer for Title VII purposes, the record contains no summary judgment evidence indicating that the nondiscriminatory rationales advanced by Lalonde for his failure to submit the Special Needs Contract for renewal are a mere pretext for race-based discrimination. See Doctor's Hosp. of Jefferson, Inc. v. Southeast Med. Alliance, Inc., 123 F.3d 301, 307 (5th Cir. 1997) ("A district court's grant of summary judgment may be affirmed on grounds supported by the record other than those relied on by the court.").

8

In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the Supreme Court articulated "the proper order and nature of proof in actions under Title VII." Id. at 793-94. Under the framework adopted by the Court, the plaintiff bears the burden of establishing a prima facie case by a preponderance of the evidence; doing so raises an inference of unlawful discrimination. See id. at 802. A prima facie claim under Title VII requires proof of the following elements:

    (1)  that the claimant belongs to a protected group;

    (2)  that he was qualified for his position;

    (3)  that, despite his qualifications, he was dismissed or suffered an adverse employment action; and

    (4)  the defendant employer sought to replace the claimant with a similarly qualified person outside the protected group.

See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (U.S. 1993); Ward v. Bechtel Corp., 102 F.3d 199, 202 (5th Cir. 1997).

Once the claimant establishes a prima facie claim, "[t]he burden of production then shifts to the defendant to proffer a legitimate, nondiscriminatory reason for the challenged employment action." Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 992-93 (5th Cir. 1996) (en banc) (citing McDonnell Douglas, 411 U.S. at 802). The defendant may meet this burden by presenting evidence that, "if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the

employment action." Hicks, 509 U.S. at 507. If the defendant meets this burden, the presumption of unlawful discrimination disappears, but the plaintiff may still establish Title VII liability by "demonstrat[ing] that the defendant's articulated rationale [for the employment action] was merely a pretext for discrimination." Rhodes, 75 F.3d at 993.

We assume arguendo that a genuine issue of material fact exists as to each of the elements that Brown must establish in order to state a prima facie claim under Title VII. Lalonde has rebutted the presumption of unlawful discrimination that arises from such a prima facie showing by offering evidence that the trier of fact could construe as supporting a conclusion that Lalonde did not engage in unlawful discrimination. The summary judgment record contains evidence that Lalonde declined to request renewal of the Special Needs Contract because JTPA officials informed him that the contract would not be renewed because of poor performance evaluations. The summary judgment record is devoid of evidence from which a reasonable trier of fact could conclude that this rationale is merely a pretext for racial discrimination. Brown has offered nothing more than the allegations in his complaint that "deeply rooted racial problems began surfacing" at T.H. Harris and that he was discharged on the basis of race. Such unsupported allegations cannot create a genuine issue of material fact and thereby defeat a motion for summary judgment. See Eason v. Thaler, 73 F.3d 1322, 1325 (5th

10

Cir. 1996) ("[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment."). We therefore conclude that the district court properly granted summary judgment in favor of Lalonde on Brown's Title VII claims.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.